UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TERRENCE WASHINGTON, | ) | |
| | ) | Civil No. 12-177-GFVT |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| J. C. HOLLAND, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Terrence Washington is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Washington has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the sentence he received for violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B). [R. 1] He has paid the $5.00 filing fee. [R. 2]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Washington's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Washington's factual allegations as true, and

liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny relief. Washington's claims are not appropriately pursued in a habeas corpus proceeding under § 2241.

# I

On June 7, 2002, Washington and co-defendant Albert Brewer were charged in the United States District Court for the Central District of Illinois with possession of 500 grams or more of cocaine with intent to distribute. *United States v. Terrence Washington,* 2:02-cr-20049-MPM (C.D. Ill. 2002). Washington did not go to trial; instead, he entered into an unconditional guilty plea. On February 18, 2003, Washington received a 420-month sentence of imprisonment, to be followed by a five-year term of supervised release. *Id.* Washington appealed, contending that the district court erred in its calculation of drug quantity and its decision not to lower his offense level for acceptance of responsibility. On July 30, 2003, the Seventh Circuit Court of Appeals affirmed the district court, finding Washington's arguments to be without merit. *United States v. Washington,* 70 F. App'x 897 (7th Cir. 2003).

In 2006, Washington moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, but this motion was denied, and he did not appeal.[1] In 2008, Washington filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Amendment 706 to the Sentencing Guidelines. The district court agreed that Amendment 706 lowered his offense level by two, to 36, and resentenced him to 364 months imprisonment. *United States v.*

---

[1] The docket sheet in Washington's criminal case is available through the federal court system's online PACER database. However, the § 2255 motion Washington filed in 2006 is not itself available, and thus the Court cannot determine what claims he raised in it.

*Terrence Washington*, 2:02-cr-20049-MPM (C. D. Ill., Sept. 16, 2008, at R. 99 therein). Washington appealed on the ground that he was entitled to a greater reduction of his sentence than the district court awarded. The Seventh Circuit affirmed because § 3582(c)(2) does not authorize the district court to conduct a full resentencing. *United States v. Terrence Washington*, No. 08–3648 (April 3, 2009).

In 2011, Washington filed a second motion to reduce his sentence under § 3582(c)(2), this time relying on Amendment 750 to the Sentencing Guidelines. The district court denied that motion because his offense level calculation under Amendment 750 remained unchanged from the prior amendment. *United States v. Terrence Washington*, 2:02-cr-20049-MPM (C. D. Ill., Feb. 7, 2012, at R. 117 therein). On June 4, 2012, the Seventh Circuit affirmed the district court's decision. *United States v. Washington*, 468 F. App'x 641 (7th Cir. 2012).

**II**

In his Section 2241 petition, Washington claims he is entitled to relief for the following reasons:

> The petitioner now seeks relief pursuant to Title 28 United State Code, Section 2241 in order to correct a miscarriage of justice in light of the fact he was sentenced pursuant to a statute which did not apply to him, yet increased his offense statutory maximum in violation of the Fifth and Sixth Amendment right to due process of law.
> Specifically, this petitioner was sentenced for the possession with intent to distribute cocaine base commonly known as 'crack,' although he was neither charged with, nor convicted of, said act.
> This offense carried a higher statutory maximum, and minimum, than the drug this petitioner was actually charged with and convicted of (cocaine), carried much less time.
> The petitioner would submit that said miscarriage occurred only due to the fact that his counsel was totally incompetent and ineffective, in violation of the constitution, at sentencing.
> As such, the petitioner would submit that the constitution mandates his sentence be vacated and he be resentenced at the court's earliest convenience.

3

[R. 1-1, p. 5]

Section 2255(e) permits a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241, but only if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review under § 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Washington cannot make that showing because he has already challenged his sentence in a § 2255 motion in the trial court, and the trial court denied that motion. As previously stated, this Court is unable to use PACER to review Washington's § 2255 motion filed in the trial court; therefore, the Court cannot determine whether the claims Washington currently presents are the same claims he previously raised in his § 2255 motion or whether his present claims have never been presented to the trial court. Nevertheless, that determination is inconsequential because the remedy provided under § 2255 is not rendered inadequate and ineffective no matter whether the petitioner presented a claim in a § 2255 motion but was denied relief on the claim, the petitioner failed to assert a claim in his § 2255 motion, or the petitioner was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. Washington has

not established that his § 2255 remedy was inadequate or ineffective to challenge his conviction and sentence.

Washington's habeas petition claim appears to be two-fold: (1) he was unlawfully sentenced under a statute that did not apply to him; and (2) he received ineffective assistance of counsel because his counsel did not recognize the sentencing error and prevent it from happening or take steps to correct its occurrence.  Liberally construing this claim, Washington may be asserting a claim of actual innocence (claiming that while he was charged with and convicted of possession with intent to distribute powder cocaine, he was sentenced as though it were a crack cocaine conviction, resulting in a higher sentence).  Out of an abundance of caution, the Court will assume, for argument's sake, that Washington's habeas petition raises a claim of actual innocence.

A prisoner may pursue a claim of actual innocence through § 2255's savings clause if he can demonstrate the existence of a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995).  *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).  Washington appears to claim that he was sentenced based on information that was never presented to a jury and proven beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Since Washington was sentenced in 2003, after *Apprendi* was decided in 2000, he cannot claim that he was convicted of conduct that the law no longer makes criminal based on a  Supreme Court decision rendered after his direct appeal or after he filed his § 2255 motion.

Irrespective of whether Washington's sentencing violated *Apprendi*, he could have raised his *Apprendi* claim on direct appeal; but he did not.  Thus, he has procedurally defaulted his

5


*Apprendi* claim. This could arguably give rise to a claim of ineffective assistance of counsel, but that should have been raised in Washington's § 2255 motion. Regardless of whether Washington did or did not raise a claim of ineffective assistance of counsel in his § 2255 motion, for the reasons stated earlier, this Court may not consider either his *Apprendi* claim or his claim of ineffective assistance. Simply, § 2255's savings clause does not extend to any claim Washington presented. *See Charles*, 180 F.3d at 756-58; *Rumler*, 43 F. App'x at 947; *Bautista v. Shartle*, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012).

In summary, Washington has not established that he is entitled to proceed with his § 2241 habeas petition because his remedy under § 2255 is inadequate or ineffective. Further, he has not established a claim of actual innocence cognizable in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Terrence Washinsgton's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment;

3. This matter is **STRICKEN** from the active docket.

This 30th of April, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge